## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DANIELLE GERMAN,<br><br>               Plaintiff,<br><br>      v.<br><br>PORTFOLIO RECOVERY ASSOCIATES LLC,<br><br>               Defendant. | **Case No.:**<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff Danielle German ("Plaintiff"), by her undersigned attorneys, alleges the following against the Defendant PORTFOLIO RECOVERY ASSOCIATES, LLC ("PRA"), alleges as follows:

### NATURE OF ACTION

1. Plaintiff brings claims pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692 *et seq.*, the Fair Credit Reporting Act (FCRA), 15 U.S.C §1681 *et seq*. and New York General Business Law § 349.

### JURISDICTION AND VENUE

2. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d), 15 U.S.C. § 1681(p), and 28 U.S.C. § 1331.

3. Declaratory relief is available per 28 U.S.C. §§ 2201 and 2202.

4. The Court has supplemental jurisdiction over state claims per 28 U.S.C. § 1367.

5. The Plaintiff is a natural person and resident of the State of New York.

6. Defendant transacts business in the State of New York. Defendant is registered to conduct business and has appointed a registered agent in the State of New York. Therefore, personal jurisdiction is established.

## PARTIES

7. Plaintiff is a natural person residing in Richmond County, New York.

8. Plaintiff is a "consumer" as defined by the FCRA, 15 U.S.C. §1681a(c).

9. Defendant Portfolio Recovery Associates, LLC was and is a foreign limited liability company that did transact and does now presently transact business in the State of New York through its registered agent Corporation Service Company, located at 80 State Street, Albany, New York 12207.

10. Defendant is a "person," as defined under 15 U.S.C. 1681a(b).

11. Upon information and belief, the principal purpose of PRA is the collection of debts using the legal system, instrumentalities of interstate commerce, including mails and telephone; and it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.

12. PRA is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

13. Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from Plaintiff.

14. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

15. Defendant is subject to jurisdiction in the State of New York and venue of this district pursuant to New York Long Arm jurisdiction statute through the causation of injury in the state by acts or omissions inside and outside of the State of New York.

## ALLEGATIONS

16. Plaintiff adopts and realleges the foregoing as fully restated herein.

17. Prior to the commencement of this action, Plaintiff was alleged to have incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

18. Credit reports, as alleged in this pleading, are "consumer reports" as that term is defined by 15 U.S.C. §1681a(d).

19. Prior to the commencement of this action, Plaintiff did not owe a debt to the Defendant.

20. At no time has Plaintiff owed any debt to Defendant.

21. At no time has Plaintiff had any accounts open with Defendant.

22. At no time has Plaintiff had any personal credit accounts with Defendant.

23. At no time has Plaintiff had any personal business relationship with Defendant.

24. At no time has Defendant been in possession of a signed contract between Plaintiff and any other entity.

25. At no time was Defendant in possession of documents which would have duly conferred upon Defendant the legal standing to collect any debt from Plaintiff.

26. Given the facts delineated above, at no time has Defendant had any information in its possession to suggest that Plaintiff owed a debt to Defendant.

27. Given the facts delineated above, at no time has Defendant had any information in its possession to suggest that Plaintiff was responsible to pay a debt to Defendant.

28. Consequently, Defendant began its collection efforts to collect said debt from Plaintiff.

**Collection Attempts**

29. Subsequently, on or about October 6, 2021, PRA filed an action against the Plaintiff to recover this debt in the Civil Court of the City of New York, County of Richmond, entitled

Portfolio Recovery Associates, LLC v. Danielle German, Index No.: 004828/2021 ("Civil Court Action").

30. Defendant claimed that because of its causes of action, it was entitled to receive the sum of $2,164.80 from the Plaintiff.

31. Defendant also asserts the chain of title for the alleged debt as follows, Comenity Capital Bank/PayPal to Synchrony Bank to Portfolio Recovery Associates LLC.

32. Defendant commenced legal action against the Plaintiff in which its claims against the Plaintiff were materially false.

33. On or around October 25, 2021, Plaintiff interposed her answer to Defendant's civil court action. Defendant was served with a copy of said answer.

34. Since issue has been joined, the parties have exchanged discovery documents.

35. PRA has not and cannot provide a signed agreement between Comenity Capital Bank, Synchrony Bank, Defendant and the Plaintiff.

36. PRA has no standing to sue the Plaintiff for alleged monies owed. According to Defendant's complaint in the civil court action, the alleged account originated with Comenity Capital Bank, however, according to the discovery Defendant has exchanged, PRA has an assignment, albeit a faulty one, from Synchrony Bank, but there is no assignment from the alleged account originator Comenity Capital Bank and Synchrony Bank.

37. Defendant's summons and complaint it filed with the court in its civil court action were filled with numerous materially false statements.

38. Defendant asserted that it was owed $2,164.80 from the Plaintiff. Defendant's assertion that it was owed money was a clear mischaracterization of the amount of the alleged debt.

39. Defendant's claims that it was the owner of the account that resulted in the alleged debt and was authorized to proceed with the legal action and that the Plaintiff promised to pay the Defendant payments on said account are misleading. Defendant has mischaracterized the ownership of the alleged debt because there is no valid contract in writing between the Plaintiff and Defendant.

40. Defendant's representations to the court in its attempt to collect a debt that is not owed, are "communications" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

41. On or around June 16, 2022, Plaintiff reviewed her personal credit file maintained by Experian Information Solutions, Inc., ("Experian") a "consumer reporting agency" as that term is defined by 15 U.S.C. §1681a(f).

42. On or around June 17, 2022, Plaintiff reviewed her personal credit file maintained by Trans Union, LLC, ("Trans Union") a "consumer reporting agency" as that term is defined by 15 U.S.C. §1681a(f).

43. Within the Trans Union and Experian reports, Defendant reported that Plaintiff opened the alleged account with PRA in June 2019.

44. Defendant's representations to Experian and Trans Union were false and deceptive because Defendant does not report this date as the date the account was opened with the original creditor. Defendant instead creates the false narrative that PRA is the original creditor that Plaintiff opened the account that resulted in the alleged debt.

45. Defendant's representations to Experian and Trans Union were false and deceptive because the Defendant never opened any account with PRA.

46. PRA has continued its collection efforts by its false and deceptive representations to Experian and Trans Union.

47. PRA's false and deceptive representations to Experian and Trans Union have damaged the Plaintiff in that Plaintiff's credit profile is tainted and her debt-to-income ratio is severely affected, which have adversely affected her credit standing which has hindered her ability to apply for and benefit from credit.

48. PRA's reporting to the credit reporting bureaus, namely, Experian and Trans Union, in regard to the date the account was allegedly opened is patently false because there is no credit agreement or contract between PRA and the Plaintiff.

49. PRA is clearly engaging in the practice of "re-aging" of the account, in which it creates the false narrative that the account is a new account in order to restart the statutes of limitation for collection and credit reporting, thus extending the length of time the derogatory account can appear on a consumer's credit report.

50. Consequently, Defendant has maliciously sought to collect the debt from the Plaintiff.

51. Defendant's actions were to coerce the Plaintiff into paying a debt that is not owed by the Plaintiff.

52. Defendant representations to Experian and Trans Union are "communications" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

## Impermissible Pulls

53. On or about September 9, 2021, September 14, 2021, September 20, 2021, and June 7, 2022, despite being cognizant of the facts as delineated above, Defendant accessed Plaintiff's individual and personal credit file from Experian.

54. On or about June 7, 2022, despite being cognizant of the facts as delineated above,

Defendant accessed Plaintiff's individual and personal credit file from Trans Union.

55. At no time did Plaintiff consent to Defendant accessing her individual and personal credit report from Experian and Trans Union.

56. Defendant accessed Plaintiff's individual and personal credit report from Experian and Trans Union without a legitimate business reason to do so.

57. Defendant accessed Plaintiff's individual and personal credit report impermissibly from Experian and Trans Union.

58. Defendant accessed Plaintiff's individual and personal credit report from Experian and Trans Union without first informing Plaintiff of its intent to do so.

59. At the times Defendant accessed Plaintiff's individual and personal credit report from Experian and Trans Union, Defendant reviewed Plaintiff's private information.

60. At the time Defendant accessed Plaintiff's individual and personal credit report from Experian and Trans Union, Defendant impermissibly obtained information relative to Plaintiff's personal and individual credit accounts.

61. At the time Defendant accessed Plaintiff's individual and personal credit report from Experian and Trans Union, Defendant impermissibly obtained information relative to Plaintiff's payment history on her individual credit accounts.

62. At the time Defendant accessed Plaintiff's individual and personal credit report from Experian and Trans Union, Defendant impermissibly obtained information relative to Plaintiff's credit history and credit worthiness.

63. At the time Defendant accessed Plaintiff's individual and personal credit report from Experian and Trans Union, Plaintiff's private financial information was published to Defendant.

64. At the time Defendant accessed Plaintiff's individual and personal credit report from Experian and Trans Union, unknown employees, representative and/or agents of Defendant viewed Plaintiff's private financial information.

65. At the time Defendant accessed Plaintiff's individual and personal credit report from Experian and Trans Union, Defendant impermissibly obtained personal information about Plaintiff, such as her current and past addresses; date of birth; employment history; and telephone numbers.

66. At the time Defendant accessed Plaintiff's individual and personal credit report from Experian and Trans Union, Plaintiff's personal information, as delineated above, was published to Defendant.

67. There is no agreement in writing between the Defendant and the Plaintiff that authorized the collection of this alleged debt.

68. There is no agreement in writing between the Defendant and the Plaintiff that authorized accessing the Plaintiff's credit report.

69. Consequently, Defendant has maliciously sought to collect the debt from the Plaintiff.

70. Defendant's actions were to coerce the Plaintiff into paying a debt that is not owed by the Plaintiff.

71. Given the facts delineated above, at no time has Defendant had any information in its possession to suggest that Plaintiff owed a debt to Defendant.

72. Given the facts delineated above, at no time has Defendant had any information in its possession to suggest that Plaintiff was responsible to pay a debt to Defendant.

73. Considering the facts articulated herein, Defendant utilized false and deceptive means in an attempt to oppress and harass Plaintiff into paying a debt.

74. Considering the facts articulated herein, Defendant utilized false and deceptive means to coerce Plaintiff into the paying debt.

75. Considering the facts articulated herein, Defendant utilized false and deceptive means in an attempt to oppress and harass Plaintiff into paying the debt.

76. Considering the facts articulated herein, Defendant attempted to collect a debt by communicating false representations or utilizing deceptive means.

77. Considering the facts articulated herein, Defendant attempted to collect a debt by mischaracterizing the amount and legal status of the alleged debt.

78. Considering the facts articulated herein, Defendant attempted to collect a debt by communicating false credit information.

79. Considering the facts articulated herein, Defendant engaged in collection activity, the purpose of which was to harass the Plaintiff.

80. Considering the facts articulated herein, Defendant attempted to collect a debt not authorized or permitted by law.

81. Considering the facts articulated herein, Defendant took action against the Plaintiff it had no intention of undertaking.

82. Defendant's activity on these occasions were a communication in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692d, 1692e, 1692e(2), 1692e(8), 1692e(10), 1692f and 1692f(1), amongst others.

83. Defendant's activity on these occasions were in violation of the FCRA, including but not limited to 15 U.S.C. §1681b(f)(1).

84. PRA's collection activity on these occasions was in violation of the provisions set forth in NY GBL § 349(a).

85. Plaintiff commenced this action within one year of the unlawful actions and/or within one year of reasonably knowing of the unlawful actions of Defendant.

## ALLEGATIONS OF LAW

86. Defendant's conduct violates 15 U.S.C. § 1692 et seq., including but not limited to subsections (d), (e) and (f) in the representations made by the Defendant are abusive, false, confusing, misleading, deceptive, unfair and fail to advise the consumer of his/her legal rights as required by law.

87. That as per 15 U.S.C. § 1692 et seq. and as a result of the above violations, Defendant is liable to the Plaintiff for actual damages pursuant to 15 U.S.C. § 1692k(a)(1); and statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from each and every Defendant herein.

88. Defendant's conduct violates 15 U.S.C. § 1681b(f)(1) in that the Plaintiff has suffered actual damages in the form of financial and dignitary harm arising from the Defendant's review of her personal information and her credit information and an injury to her credit rating and reputation.

89. That as per 15 U.S.C. § 1681 et seq. and as a result of the above violations, Defendant is liable to the Plaintiff for actual, statutory and punitive damages pursuant to 15 U.S.C. § 1681n; and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n from each and every Defendant herein.

90. Defendant's conduct violates GBL § 349(a) in the representations made by the Defendant are abusive, false, confusing, misleading, deceptive, unfair and fail to advise the consumer of his/her legal rights as required by law.

91. As per NY GBL § 349(a) and as a result of the above violations, Defendant is liable to the Plaintiff for actual damages, costs, and reasonable attorneys' fees pursuant to NY GBL 349(h) from each and every Defendant herein.

92. Plaintiff was damaged by the Defendant's conduct insomuch as experiencing worries and concerns and significant emotional harm as a result of Defendant's conduct in willfully violating the law. The circumstances surrounding the violation make it obvious that a reasonable person would suffer significant emotional harm.

## COUNT I
## Violations of the Fair Debt Collection Practices Act

93. Plaintiff adopts and realleges the foregoing as fully stated herein.

94. Defendant violated the FDCPA.

95. Defendant's violations include, but are not limited to the following: d, e, and f.

   i. Defendant violated 15 U.S.C. § 1692d by harassing, oppressing and/or abusing the consumer by employing unfair tactics in attempt to collect a debt;

   ii. Defendant violated 15 U.S.C. § 1692e by utilizing false, deceptive and misleading representation to collect a debt;

   iii. Defendant violated 15 U.S.C. § 1692e(2) by making false and misleading representations in connection to the character, amount and legal status of an alleged debt;

   iv. Defendant violated 15 U.S.C. § 1692e(8) by communicating false credit information;

   v. Defendant violated 15 U.S.C. § 1692e(10) by utilizing false representations or deceptive means to collect an alleged debt;

      vi. Defendant violated 15 U.S.C. § 1692f by utilizing unfair and unconscionable means to collect an alleged debt;

      vii. Defendant violated 15 U.S.C. § 1692f (1) by attempting to collect an amount not permitted by law.

96. Defendant's violation of the FDCPA render it liable for statutory damages, costs, and reasonable attorneys' fees. *See*, 15 U.S.C. §1692k.

97. Defendant has caused Plaintiff to suffer actual injury in the form of emotional distress, humiliation, anxiety, out-of-pocket expenses.

98. As a direct and proximate result of Defendant's deceptive acts and practices committed in violation of the FDCPA, Plaintiff was damaged in that she, among other things, suffered stress, anxiety and humiliation as a result of Defendant's abusive attempts to collect a debt.

99. Defendant's violation of the FDCPA render it liable for actual damages, costs, and reasonable attorneys' fees. *See*, 15 U.S.C. §1692k(a)(1).

100. Plaintiff requests that Defendant be enjoined from attempting to collect the debt alleged to be owed by her because Defendant engaged in behavior which was harassing or abusing to Plaintiff or otherwise engaged in acts or practices that were unfair or deceptive towards Plaintiff.

## COUNT II
## Violations of the Fair Credit Reporting Act

101. Plaintiff adopts and realleges the foregoing as fully stated herein.

102. Defendant violated the FCRA.

103. Defendant's violations include, but are not limited to the following:

      i. Defendant violated 15 U.S.C. § 1681b(f)(1) by unlawfully obtaining a consumer report without the consumer's written authorization or a permissible purpose;

104. As a result of Defendant's conduct, as delineated above, Plaintiff has suffered actual damages in the form of financial and dignitary harm arising from the Defendant's review of her personal information and her credit information and an injury to her credit rating and reputation. Furthermore, Plaintiff will continue to suffer the same harm for an indefinite time in the future, all to Plaintiff's great detriment and loss.

105. Defendant's violations of the FCRA render it liable for actual, statutory and punitive damages, costs, and reasonable attorneys' fees. *See 15 U.S.C. § 1681n*.

## COUNT III
## Violations of the New York General Business Law § 349

106. Plaintiff adopts and realleges the foregoing as fully stated herein.

107. Under New York General Business Law §349(a), deceptive acts or practices in the conduct of any business conducted in the State of New York are unlawful.

108. Defendant's violations of § 349(a) of the NY GBL render it liable for statutory damages, costs, and reasonable attorneys' fees pursuant to NY GBL 349(h).

109. Defendant's violations of § 349(a) of the NY GBL has caused Plaintiff to suffer actual injury in the form of emotional distress, humiliation, anxiety, out-of-pocket expenses.

110. As a direct and proximate result of Defendant's conduct committed in violations of § 349(a) of the NY GBL, Plaintiff was damaged in that she, among other things, suffered emotional distress, anxiety and humiliation as a result of Defendant's abusive attempts to collect a debt.

111.    Defendant's violations of § 349(a) of the NY GBL render it liable for actual damages, costs, and reasonable attorneys' fees pursuant to NY GBL 349(h).

112.    Plaintiff requests that Defendant be enjoined from attempting to collect the debt alleged to be owed by her because Defendant engaged in behavior which was harassing or abusing to Plaintiff or otherwise engaged in acts or practices that were unfair or deceptive towards Plaintiff.

## PRAYER FOR RELIEF

Plaintiff, Danielle German prays that this Court:

a. Declare that Defendant violated the FDCPA;

b. For an award of actual and treble damages pursuant to 15 U.S.C. §1692k against the Defendant and for Plaintiff;

c. Enter judgment in favor of Plaintiff and against the Defendant, for statutory damages, costs, and reasonable attorneys' fees as provided by §1692k(a) of the FDCPA;

d. Declare the Defendant violated the FCRA;

e. For an award of actual compensatory damages suffered pursuant to 15 U.S.C. §1681n;

f. Enter judgment in favor of Plaintiff and against the Defendant, for statutory damages, punitive damages, costs, and reasonable attorneys' fees as provided by §1681n of the FCRA;

g. Declare that the Defendant violated the NY GBL;

    h. Enter judgment in favor of Plaintiff and against the Defendant, for statutory damages, costs, and reasonable attorneys' fees as provided by § 349(h) of the NY GBL.

    i. Enter judgment enjoining the Defendant from collecting or attempting to collect any debt alleged to be owed by Plaintiff,

    j. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Danielle German demands trial by jury.

Dated: September 30, 2022

Respectfully submitted,

*[signature]*

**LAW OFFICE OF ABEL L. PIERRE, PC**

Attorney I.D.#AP-5508
140 Broadway, 46th Floor
New York, New York 10005
Telephone: (212) 766-3323
Facsimile: (212) 766-3322
abel@apierrelaw.com

**Attorney for Plaintiff**